UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN CHARLES MATLOCK,<br><br>Petitioner,<br><br>v.<br><br>B. KIBLER, Warden,<br><br>Respondent. | No. 2:21-cv-00271 GGH P<br><br>ORDER AND FINDINGS AND <u>RECOMMENDATIONS</u> |

  Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner has not, however, filed an in forma pauperis affidavit or paid the required filing fee ($5.00). <u>See</u> 28 U.S.C. §§ 1914(a); 1915(a). Nevertheless, the undersigned will recommend summary dismissal of the pending petition based on a failure to raise a federal cognizable claim.

  Petitioner was convicted and sentenced in San Joaquin County Superior Court for voluntary manslaughter (Cal. Pen. Code § 192(a)), a firearm enhancement (Cal. Pen. Code § 12022.5), first-degree residential burglary (Cal. Pen. Code § 459) and child endangerment (Cal. Pen. Code § 273a). ECF No. 1 at 1. Petitioner alleges in his habeas petition he is entitled to resentencing of his manslaughter conviction pursuant to a newly enacted California statutory procedure provided by Senate Bill No. ("SB") 1437, which specifically includes resentencing relief through Cal. Pen. Code § 1170.95. Petitioner argues the trial court erred in its interpretation

1  and application of Cal. Pen. Code § 1170.95 when it denied petitioner's petition for resentencing.
2  Id. at 7-11. Petitioner further alleges the trial court's denial of his resentencing petition violated
3  his due process and equal protection rights under the Fourteenth Amendment. For relief,
4  petitioner requests that "his case be remanded to the Superior Court for [reconsideration] of his
5  petition for [resentencing] in compliance with SB. 1437." Id. at 10, 11.

6       A writ of habeas corpus is available under 28 U.S.C.§ 2254(a) only on the basis of some
7  transgression of federal law binding on the state courts. Middleton v. Cupp, 768 F.2d 1083, 1085
8  (9th Cir. 1985); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983). It is unavailable for
9  alleged error in the interpretation or application of state law. Middleton, 768 F.2d at 1085; see
10 also Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir. 1983); Givens v. Housewright, 786 F.2d 1378,
11 1381 (9th Cir. 1986). "In conducting habeas review, a federal court is limited to deciding whether
12 a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire,
13 502 U.S. 62, 67-68 (1991).

14      Petitioner's challenge to the trial court's interpretation and application of Cal. Pen. Code §
15 1170.95 fails to state a cognizable federal claim. See 28 U.S.C. § 2254. "[A] state court's
16 interpretation of state law, […], and alleged errors in the application of state law are not
17 cognizable in federal habeas corpus." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996).
18 Moreover, petitioner's allegation that the denial of his resentencing petition violated his federal
19 constitutional rights is not sufficiently pled to state a federal claim. See Langford, 110 F.3d at
20 1389 ("[Petitioner] may not, however, transform a state-law issue into a federal one merely by
21 asserting a violation of due process."). See e.g., Young v. Cueva, No. CV 20-8304-CJC (E), 2021
22 WL 371752, at *3 (C.D. Cal. Jan. 8, 2021);  Baker v. Muniz, No. 2:18-cv-1154 KJM DB P, 2019
23 WL 3500561, at *3 (E.D. Cal. Aug. 1, 2019);  Esparza v. Lizarraga, No. 2:17-cv-03168-AB-
24 MAA, 2019 WL 6749449, at *3 (C.D. Cal. Aug. 7, 2019) (all finding no cognizable SB 1437
25 claim).

26      Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for
27 summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and
28 any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  The

Advisory Committee Notes to Rule 8 also indicates that the court may deny a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  In the instant case, it is plain from the petition and the exhibit provided that petitioner is not entitled to federal habeas relief.  Therefore, the petition should be summarily dismissed.

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case. [1]

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this action.

Further, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be summarily dismissed; and

2. This court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.1991).

Dated: March 22, 2021

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

---

[1] Nothing in this Findings and Recommendations precludes petitioner from seeking appropriate relief in the state courts.

3